**Wayman David KNIGHT, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 26492.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1969.

Lawrence Edward Goodwin, Atlanta, Ga. (court-appointed) for appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

PER CURIAM:

Appellant, a member of the religious sect known as Jehovah's Witnesses, has appealed his conviction by a jury for violation of the Universal Military Training and Service Act, 50 U.S.C.App. § 462, by refusal to submit to induction as ordered by his local draft board.

On December 12, 1963, his local board classified him IV–D (ministerial) as a full-time Regular Pioneer Minister of the Watchtower Bible and Tract Society (Jehovah's Witnesses), the Society having certified to Georgia State Selective Service Headquarters that appellant was a full-time Pioneer minister and had averaged 99 hours per month in the ministry. However, on May 1, 1964, appellant notified the local board that he was no longer serving in the capacity of a Pioneer though he still claimed to be a regular minister. He then enrolled in South Georgia Technical and Vocational School and was reclassified II–S (student) on September 18, 1964. On May 11, 1966, he withdrew from school and became employed as a radio repairman. He was reclassified by the board I–A on June 15, 1966, and at a personal appearance before the board on July 13, 1966, presented a Jehovah's Witness certificate stating that he held the positions of Bible Study Servant, Accounts Servant, Ministry School Servant and Book Study Conductor in the Lakeland, Georgia, Congregation of Jehovah's Witnesses. In a written summary filed by the registrant with the board, he stated that he spent 10 to 15 hours per week in this activity, which he termed that of a regular ordained minister. His appeal of his classification to Southern Federal Judicial District of Georgia Board resulted in a continuance of the I–A classification by the unanimous vote of the appeal board.

In the narrow and limited review which the courts accord to draft cases, we inquire only whether there is a basis in fact for the classification by the local board. In our view the record, including appellant's complete Selective Service File, clearly discloses such a basis in fact and the Trial Judge's ruling in that regard was correct. Though he was a Servant in Congregation when reclassified I–A, appellant was no longer a Regular Pioneer or a Congregation Servant—an important distinction in the Jehovah hierarchy in the determination of whether he was entitled to the ministerial classification—as we pointed out in Gary Herndon McCoy v. United States, 5 Cir., 1968, 403 F.2d 896. See also Julita David Robertson v. United States, 5 Cir., 1969, 404 F.2d 1141.

The District Judge properly refused to submit the issue of the correctness of appellant's classification to the jury since judicial review of the classification lies with the court and not the jury. Clay v. United States, 5 Cir., 1968, 397 F.2d 901, 921. It is apparent under the facts of record that appellant's religious activities constituted an avocation rather than a vocation and that he did not have

the necessary recognized standing as a minister to a congregation or leader of a group of lesser members of his faith. Gary Herndon McCoy v. United States, 5 Cir., 1968, 403 F.2d 896; Clay v. United States, 5 Cir., 1968, 397 F.2d 901, 917; Julita David Roberston v. United States, 5 Cir., 1969, 404 F.2d 1141. He was not entitled to a I–O (conscientious objector) classification since he had not at any time applied for or requested such a classification, and had left blank this portion of the classification questionnaire. There was, therefore, no error on the part of the District Court in declining to give the requested jury charges relative to conscientious objector, nor was it error to decline the charge submitted to the jury relative to the correctness of his classification.

Affirmed.